IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

RICHARD CLARK, SR., *et al.*,        *

    Plaintiffs,        *

    v.        *        CIVIL NO.: WDQ-14-1637

STEPHEN V. CLARK,        *

    Defendant.        *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Richard Clark, Sr., individually, and as parent and guardian of Richard J. Clark, a minor, and Richard J. Clark (the "Plaintiffs"), sued Stephen V. Clark, personal representative for the estate of Charles Clark,[1] for state law tort claims. ECF No. 1.[2] Pending is the Defendant's motion for partial summary judgment. ECF No. 7. No hearing is necessary. Local Rule

---

[1] Stephen V. Clark was Charles Clark's brother, as was Richard Clark, Sr. ECF No. 7 at 3. Charles Clark was Richard J. Clark's uncle. *Id.* The Clerk will amend the docket to reflect the correct spelling of "Stephen."

[2] This Court has diversity jurisdiction under 28 U.S.C. § 1332, which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Plaintiffs appear to be citizens of New Jersey. ECF No. 1 ¶ 1. The Defendant appears to be a citizen of Maryland, as was the decedent, Charles Clark. *Id.* ¶ 2. The Plaintiffs seek $1,500,000 in damages. *Id.* at 3.

105.6 (D. Md. 2014). For the following reasons, the motion will be denied.

I.  Background[3]

This suit arises from a July 21, 2013 single-vehicle motorcycle accident in Mesa County, Colorado. ECF Nos. 1 ¶ 6; 7 at 1, 8; 9 at 1. Richard J. Clark was a passenger on a Harley Davidson motorcycle owned and driven by Charles Clark. ECF No. 1 ¶ 6. The motorcycle hit the median and became airborne; Richard J. Clark and Charles Clark were ejected from the motorcycle. Id. ¶ 7; ECF Nos. 7 at 8-9; 9-1 at 7-8. Charles Clark died at the scene, and Richard J. Clark suffered serious bodily injuries requiring more than $160,000 in medical care. ECF Nos. 1 ¶¶ 8-9; 7 at 10; 9-1 at 5.

On October 21, 2013, the Plaintiffs filed a $1,012,862.70 claim against Charles Clark's Estate in the Orphan's Court for Baltimore City (the "Estate Claim"). ECF No. 9-1 at 1-2.[4] On April 30, 2014, the Estate Claim was denied in full. ECF No. 9-1 at 9-10 ("Notice of Disallowance"). The Notice of

---

[3] The facts are from the complaint, the Defendant's motion, the Plaintiffs' oppositions, and attached exhibits. ECF Nos. 1, 7, 9. In a motion for summary judgment, the nonmovants' evidence "is to be believed, and all justifiable inferences are to be drawn in [their] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

[4] The Estate Claim consisted of $160,682.70 in medical bills, and $850,000 for pain and suffering. ECF No. 9-1 at 3. Charles Clark's motorcycle insurance policy had a $50,000 limit on liability for bodily injury to others. ECF No. 7 at 11.

Disallowance stated that "the amount disallowed will be forever barred unless" the Plaintiffs file a petition in the Orphans' Court, or a lawsuit, against the Estate's personal representative "within 60 days after the mailing of [the Notice of Disallowance]." *Id.* at 10.

On May 20, 2014, the Plaintiffs sued the Defendant for state law negligence and deprivation of services. ECF No. 1. On August 25, 2014, the Defendant moved for partial summary judgment to limit the amount of recovery. ECF No. 7. On September 3, 2014, the Plaintiffs opposed the motion. ECF No. 9.[5] On January 13, 2015, the Defendant replied. ECF No. 13.

II. Analysis

A. Legal Standard

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the

---

[5] On November 17, 2014, the Plaintiffs filed a memorandum of supporting case law. ECF No. 12.

[6] Federal Rule of Civil Procedure 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

B.   The Defendant's Motion

The Defendant asserts that--as a matter of law--any recovery by the Plaintiffs must not exceed the liability limit of Charles Clark's insurance policy because the Plaintiffs filed suit more than six months after Charles Clark died. ECF No. 7 at 1, 4.

Md. Code Ann., Est. & Trusts § 8-104 (West 2011) provides that a creditor may file a claim against an estate by: (1) "deliver[ing] or mail[ing] to the personal representative a verified written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed," § 8-104(b); (2) "fil[ing] a verified written statement of the claim" with the register of wills, and delivering or mailing a copy to the personal representative, § 8-104(c); or, (3) "[w]hen a cause survives death, the claimant is not required to file a claim under subsection (b) or (c)," but "may commence an action against the estate or" the personal representative "within the time limited for the filing of claims," § 8-104(d). Md. Code Ann., Est. & Trusts § 8-103(a)(1) provides that claims against a

decedent's estate must be presented within six months after the decedent's death.[7]

Under § 8-104(e)(1), when decedents are covered by a liability insurance policy, "then, notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions." However, recovery "is limited to the amount of the decedent's liability insurance policy." § 8-104(e)(2)(ii).

The Defendant asserts that the Plaintiffs' Estate Claim was not an "action" under § 8-104(d). ECF No. 7 at 6 (citing *Alban Tractor Co. v. Bollack*, 410 A.2d 1101, 1102-03 (Md. Ct. Spec. App. 1980)). Thus, the Defendant argues, because the Plaintiffs filed this suit *more than six months* after Charles Clark died, but within the generally applicable limitations period, under § 8-104(e), their recovery is limited to the value of Charles Clark's insurance policy. ECF No. 7 at 4.

The Plaintiffs argue that the Estates and Trusts Article of the Maryland Code provides two limitations periods: first, a six month limitation on filing a claim in the Orphans' Court, and,

---

[7] *See also Lowery v. Hairston*, 533 A.2d 922, 927 (Md. Ct. Spec. App. 1987)("Regardless of which of the three methods [under § 8-104(b), (c), or (d)] is employed to present a claim against an estate, the time limitations of § 8-103 apply.").

second, a 60 day limitation on filing suit if the Orphans' Court claim is disallowed. ECF No. 9 at 3. The Plaintiffs rely on *Campbell v. Welsh*, 460 A.2d 76, 84 (Md. Ct. Spec. App. 1983), and *Lowery v. Hairston*, 533 A.2d 922, 927 (Md. Ct. Spec. App. 1987), as support for the proposition that Maryland provides a two-tiered set of limitations. ECF No. 12 at 1-2. The Defendant argues that those cases are factually "inapposite" because neither case involved claims that survived the death of the decedent. ECF No. 13 at 1. The Defendant appears to argue that claims involving the death of the decedent may *only* be brought under § 8-104(d); because the Estate Claim was not an "action" under § 8-104(d), and as this "action" was not brought within six months of Charles Clark's death, the Plaintiffs are limited to the recovery provided by § 8-104(e). *See* ECF Nos. 7 at 6; 13 at 2. However, the Defendant has misread § 8-104.

*Alban Tractor* held "that a claim presented in the Orphans' Court is not an action" under § 8-104 because "[t]he Orphans' Court in this state is a court of special limited jurisdiction and does not sit in equity or at law," 410 A.2d at 1102-03.[8] However, § 8-104 distinguishes between "claims" and "actions": "[w]hen a cause survives death, the claimant is *not required to file a claim* under subsection (b) or (c) . . . [but] *may*

---

[8] Thus, *Alban Tractor* held that the claimant was not barred from bringing an action in state court even though his claim was pending before the Orphans' Court. 410 A.2d at 1102-03.

*commence an action.*"  Md. Code Ann., Est. & Trusts § 8-104(d) (emphasis added).  Accordingly, claimants in such cases have six months to *either* file a claim under § 8-104(b) or (c), *or* file an action in court under § 8-104(d).  Nothing in § 8-104 suggests, as the Defendant contends, that claims under § 8-104(b) or (c) are unavailable to claimants in cases involving the death of the decedent.  In compliance with § 8-104(b) and the time limitation stated in § 8-103(a)(1), the Plaintiffs filed their Estate Claim about three months after Charles Clark died.  *See* ECF No. 9-1 at 2.

Under Md. Code Ann. Est. & Trusts § 8-107(a), "[i]f a personal representative intends to disallow, in whole or in part, a claim that has been presented within the appropriate time and in the form prescribed in § 8-104(b) or (c) . . . he shall mail notice to each claimant stating . . . [t]hat the claim has been disallowed in whole or in a stated amount."  When the claim is disallowed, the "claimant is forever barred to the extent of the disallowance unless he . . . commences an action against the personal representative . . . within 60 days after the mailing of notice by the personal representative."  § 8-107(b).  On April 30, 2014, the Defendant mailed the Plaintiffs a Notice of Disallowance.  ECF No. 9-1 at 10.  On May 20, 2014, within the 60 day time period stated in § 8-107(b), the

7

Plaintiffs commenced this action. ECF No. 1. Accordingly, the Defendant is not entitled to summary judgment on recovery.

III. Conclusion

For the reasons stated above, the Defendant's motion will be denied.

_3/3/15_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge